UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
MISCELLANEOUS ACTION NO. 3:17-MC-1-CRS-CHL

THE STERLING GROUP, L.P.,     Movant,

v.

BABCOCK POWER, INC., et al.,     Respondents.

## MEMORANDUM OPINION AND ORDER

Before the Court is a "Rule 45 Motion to Quash March 7, 2016 Subpoena Served on Sterling by Respondents, and for Sanctions" ("Motion to Quash") (DN 1) filed by movant The Sterling Group, L.P. ("Sterling") in the United States District Court for the Southern District of Texas. Respondents Babcock Power, Inc. and Vogt Power International, Inc. ("Babcock") filed a response (DN 3).[1] On January 20, 2017, the Motion to Quash was transferred to the United States District Court for the Western District of Kentucky. (DN 5.) On February 8, 2017, the Motion to Quash was referred to the undersigned by Senior District Judge Charles R. Simpson, III for disposition regarding the subpoena; Judge Simpson specifically deferred the issue of sanctions. (DN 14.)

On February 10, 2017, Sterling filed a "Motion for Leave to File Additional Briefing in Support of Sterling's Rule 45 Motion to Quash" ("Motion for Leave to File Additional Briefing") (DN 15). Babcock did not file a response.

The Motion to Quash and Motion for Leave to File Additional Briefing are therefore ripe for review and will be addressed separately below.

---

[1] For the substance of its argument in response to the Motion to Quash, Babcock refers to a memorandum (DN 237) filed in conjunction with another civil action pending in the Western District of Kentucky, *Babcock Power, Inc. v. Kapsalis*, Civil Action No. 3:13-cv-717-CRS-CHL.

1

I.   BACKGROUND

The subpoena subject of the Motion to Quash was issued in conjunction with another action pending before this Court, *Babcock v. Kapsalis*, Civil Action No. 3:13-cv-717-CRS-CHL ("the *Babcock* matter"). (*See* DN 1-8 [March 7, 2016 subpoena].) The *Babcock* matter has a long history of contentious discovery disputes. The background will only cover the various opinions and orders in the *Babcock* matter that the Court finds directly relevant to the issues at hand. Any citations to filings in the *Babcock* matter will be indicated as such.

On September 21, 2015, a subpoena was issued to Sterling in conjunction with the *Babcock* matter. (*Babcock* matter, DN 118-2 [9/21/2015 subpoena].) In response, on October 28, 2015, Sterling filed a "Motion for Protective Order, to Quash Subpoena, and for Sanctions, Including Cost-Shifting" ("Motion for Protective Order and to Quash") (*Babcock* matter, DN 118); that motion addressed the September 21, 2015 subpoena served on Sterling. On December 3, 2015, the Court held a hearing on the Motion for Protective Order and to Quash, along with other motions.

At the beginning of the hearing, the Court encouraged the parties to come to an agreement regarding their discovery disputes. (DN 151 at 58.) Specifically, the Court stated, "Maybe both of you will dislike my ruling on some of [the discovery motions] but . . . unless and until I issue those rulings, you've got control over how it gets worked out. So take advantage of that . . . ." (*Id*. at 59.) At another point in the December 3, 2015 hearing, the Court raised concerns about a specific request in the September 21, 2015 subpoena for all monthly financial reports for Express Group Holdings, LLC that were in Sterling's possession. (*Babcock* matter, DN 151 at 55-57 [12/3/2015 transcript].) As a result, at the December 3, 2015 hearing counsel

for Babcock agreed to talk to counsel for Sterling about a "reasonable restriction" and "reasonable limitation" with respect to the requests contained in the subpoena. (*Id*.)

On February 26, 2016, the Court issued a memorandum opinion and order (*Babcock* matter, DN 204) granting the Motion for Protective Order and to Quash filed by Sterling insofar as it sought to quash the September 21, 2015 subpoena. In that memorandum opinion and order, the Court addressed the substance of the requests in the subpoena, finding those requests to be overbroad, not limited in subject matter or scope, or seeking irrelevant information; as a result, the Court quashed, in full, the September 21, 2015 subpoena. The Court also stated:

> As a final matter, while the Court has, in effect, granted the Motion in full as it relates to the subpoena at issue, it does not find that plaintiffs' requests have no merit whatsoever. Rather, many of them are simply too broad and the Court is not in the best position to craft more narrow requests. At the hearing conducted by the Court on December 3, 2015, plaintiffs' counsel agreed to talk to opposing counsel about a "reasonable restriction" with respect to their discovery requests. (DN 151, p. 55.) It is in the best interests of Sterling and plaintiffs to avoid another *costly* discovery dispute by working together as required by Local Rule 37.1.

(*Id*. at 12.)

Also on February 26, 2016, the undersigned conducted a telephonic status conference in this matter. On March 2, 2016, the undersigned issued an order (*Babcock* matter, DN 208) memorializing several rulings that it made during the February 26, 2016 telephonic status conference. The March 2, 2016 order stated, among other things:

> The Amended Scheduling Order (DN 186) is further amended as follows:
>
> Fact discovery deadline: **April 1, 2016***
>
> *All discovery that is outstanding must be completed by this date. No additional discovery is permitted.

<u>Plaintiffs' expert disclosure deadline</u>: **March 15, 2016**

<u>Defendants' expert disclosure deadline</u>: **April 22, 2016**

<u>Expert discovery deadline</u>: **May 20, 2016**

<u>Dispositive motion deadline</u>: **June 22, 2016**

(*Babcock* matter, DN 208 at 4.) The March 2, 2016 order did not mention the issuance of another subpoena to Sterling or any other exception to the ruling that no additional discovery was permitted.

On March 7, 2016, Babcock served a subpoena on Sterling. (DN 1-8 [3/7/2016 subpoena; *Babcock* matter, DN 226-2.) In response, on March 21, 2016, Sterling filed a "Motion to Quash March 7, 2016 Subpoena and for Sanctions" ("Motion to Quash March 7 Subpoena"). (*Babcock* matter, DN 226.) On October 4, 2016, the Court issued an order denying, without prejudice, the Motion to Quash March 7 Subpoena because it should have been filed in the district where compliance was required. (*Babcock* matter, DN 357.) As a result, on October 30, 2016, Sterling filed the instant Motion to Quash in the United States District Court for the Southern District of Texas. (DN 1.) As noted, the Motion to Quash was subsequently transferred to this Court for consideration.

## II. ANALYSIS

### A. Motion to Quash (DN 1)

In the March 2, 2016 order, the Court stated, among other things, that the fact discovery deadline for *outstanding* discovery, that is discovery that had already been served by the parties, was April 1, 2016. The March 2, 2016 order also specifically stated that no *additional* discovery

4

was permitted. Therefore, no additional fact discovery was permitted to be served by any party, at the latest, after March 2, 2016.

"A subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order." *Fabery v. Mid-S. Ob-GYN*, No. 06-2136 D/P, 2000 WL 35641544, at *1 (W.D. Tenn. May 15, 2008); *see also Martin v. Oakland Cty.*, No. 2:06-CV-12602, 2008 WL 4647863, at *2 (E.D. Mich. Oct. 21, 2008) ("[A] a subpoena cannot be issued once discovery has closed."). The March 7, 2016 subpoena was a stand-alone discovery device; it was not an amendment or supplement to earlier-served discovery. The September 21, 2015 subpoena that had been issued to Sterling and discussed at the December 3, 2015 hearing had been quashed and was no longer legally in play. Nowhere in the March 2, 2016 order is an exception for a subpoena to Sterling mentioned. Consequently, the issuance of the March 7, 2016 subpoena to Sterling in conjunction with this action was "additional discovery" that clearly violated the March 2, 2016 scheduling order.

Moreover, contrary to plaintiffs' assertion, the March 7, 2016 subpoena was not "outstanding" discovery either. (*Babcock* matter, DN 237 at 14.) Specifically, plaintiffs argue that the March 7, 2016 subpoena was "drafted *in accordance with the instructions of the Court* so that it could not possibly be objectionable . . . ." (*Babcock* matter, DN 237 at 14 [emphasis in original].) Plaintiffs further argue that the fact that plaintiffs "would continue to seek documents from Sterling was specifically contemplated by th[e] Court in its February 26, 2016 [memorandum opinion and order]." Plaintiffs' characterization of the situation is self-serving and inaccurate.

5

For one, plaintiffs' counsel agreed at the *December 3, 2015* hearing to work with Sterling's counsel to craft reasonable restrictions to the requests contained in the September 21, 2015 subpoena. Following that hearing, plaintiffs did not withdraw the September 21, 2015 subpoena or *timely* cause another subpoena with reasonable restrictions to be issued; rather, plaintiffs waited until March 7, 2016 (*i.e.*, after the fact discovery deadline and after the issuance of the February 26, 2016 memorandum opinion and order) to cause another subpoena to be issued to Sterling.

The Court recognizes that it stated – in the February 26, 2016 memorandum opinion and order – that it was *not* finding that plaintiffs' requests in the September 21, 2015 subpoena had no merit whatsoever and noted that plaintiffs' counsel had agreed, at the December 3, 2015 hearing, to work with Sterling's counsel to impose reasonable restrictions on the requests contained in that subpoena. That the Court recounted the agreement of plaintiffs' counsel at the December 3, 2015 hearing to craft reasonable restrictions with respect to the subpoena did not equate to an instruction to issue a subpoena to Sterling after the discovery deadline. Nor did the February 26, 2016 memorandum opinion and order give permission to plaintiffs to draft and cause another subpoena to be issued after the discovery deadline.

Plaintiffs could have withdrawn the September 21, 2015 subpoena after the December 3, 2015 hearing; they did not. Plaintiffs could have caused another subpoena to be issued to Sterling before the discovery deadline; they did not. Plaintiffs could have sought an exception to the March 2, 2016 order barring additional discovery; they did not. At the December 3, 2015 hearing, the Court expressly encouraged the parties to come to an agreement regarding their discovery disputes. The Court cautioned that, until it ruled on the various motions pending, the

parties had control over how the discovery disputes would be resolved, and that they should take advantage of that. Despite this, plaintiffs chose to wait until an unfavorable ruling had been issued.

In sum, the Court imposed a fact discovery deadline in this matter, without objection from any party, and plaintiffs caused the March 7, 2016 subpoena to be issued to Sterling after that deadline. Accordingly, the Motion to Quash will be granted.

### B. Motion for Leave (DN 15)

No further briefing is necessary. Therefore, the Motion for Leave to File Additional Briefing will be denied.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion to Quash (DN 1) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Leave to File Additional Briefing (DN 15) is DENIED.

cc: Counsel of record